Travis **MORGAN**, successor-in-interest, Plaintiff–Appellant,

v.

**COUNTY OF LOS ANGELES; Los Angeles County Sheriffs Department; Leroy Baca, individual and in his official capacity; Eric Tunforss, individual and in his official capacity; Parvaneh P. Solnouni, M.D.; Patrick C. Paik, M.D.; Kamron K. Hakhamimi, M.D.; Policaprio F. Enriquez, M.D.; Hyo N. Lee; Suzanne M. McDonald; Chu–Hsian Chi, M.D., Defendants–Appellees.**

No. 12–55748.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 3, 2013.

Filed Jan. 3, 2014.

Joshua Lynn, Elizabeth O'Brien, Lynn & O'Brien, LLP, Santa Barbara, CA, for Plaintiff–Appellant.

Timothy James Kral, Esquire, Manning & Kass Ellrod Ramirez, Trester LLP, Alison McIlvaine Turner, Greines Martin Stein & Richland, LLP, Los Angeles, CA, for Defendants–Appellees.

Before: SCHROEDER, NOONAN, and CLIFTON, Circuit Judges.

* This disposition is not appropriate for publication and is not precedent except as provided

MEMORANDUM *

Adrian Scott Morgan filed this action against Los Angeles County and various prison officials claiming violation of federal constitutional and statutory rights in defendants' failure to provide adequate treatment for a broken leg. The district court erred in dismissing the action for failure to exhaust administrative remedies. The record shows that an administrative complaint was filed and does not show that there was any response. A prisoner who receives either no response or an incomplete response to a complaint has exhausted his administrative remedies. *See Brown v. Valoff,* 422 F.3d 926, 936 (9th Cir.2005). Here, there was exhaustion.

Morgan is now deceased and his son has been substituted as the plaintiff. He indicates that additional claims may be now be filed. We therefore reverse the judgment of the district court so that it may consider the federal claims and permit amendment of the complaint to assert any additional state or federal claims that may have arisen as a result of Morgan's death.

**REVERSED** and **REMANDED.**

